IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT DEWAYNE BARNES,**  **PLAINTIFF**
**# 114034**

**VERSUS**  **CIVIL ACTION NO. 1:15cv102-HSO-JCG**

**CAPTAIN ROSS, SMCI YARD**
**OFFICERS, and SMCI ERT**  **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Robert Dewayne Barnes is incarcerated with the Mississippi Department of Corrections. He initiated this action on March 27, 2015. On March 30, 2015, the Court sent Barnes notice of the Prison Litigation Reform Act, an Acknowledgment of Receipt and Certification, and a form Notice of Voluntary Dismissal. The Court ordered Barnes to sign and file either the Acknowledgment or the voluntary dismissal. By contemporaneous Order [5], the Court directed Barnes to either pay the filing and administrative fees or to amend his application to proceed *in forma pauperis*. The responses were due April 29, 2015.

Having received no response, on May 12, 2015, the Court entered an Order to Show Cause [6]. The Court directed Barnes to show cause, by May 26, 2015, why the case should not be dismissed for failure to obey the Court's prior Orders [4, 5]. When Barnes still did not contact the Court or comply, the Court entered a Second Order to Show Cause [7] on June 9, 2015, giving Barnes one last opportunity to show cause. He was given until June 23, 2015.

All Orders were mailed to Barnes's address of record, and they were not returned as undeliverable.  To date Barnes has not complied or otherwise contacted the Court.  The Court warned Barnes that failure to comply may lead to the dismissal of his Complaint.  2d Order to Show Cause [7] at 2; 1st Order to Show Cause [6] at 1-2; Order [5] at 1-2; and Order [4] at 2.  It is apparent from Barnes's failure to comply with the Court's Orders that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id.* at 629-30.  Since Defendants have not been called upon to answer the Complaint or appeared in this action, and since the Court has not considered the merits of the claims, the case will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE** for failure to

prosecute and obey the Court's Orders.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 7th day of July, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE